JULIUS FORSTMAN AND OTHERS, APPELLANTS, *v.* RUTH A. SCHULTING, EXECUTRIX, ETC., OF HERMAN SCHULTING, DECEASED, RESPONDENT.

*Agreement that an attorney shall share in the recovery — right of the attorney to proceed after a settlement between the parties.*

Where an agreement has been made between a plaintiff and his attorney by which the latter is to receive a share of the recovery and his costs and allowances, in lieu of all charges for his services, his interest in the action cannot be affected by any compromise that may be made between the plaintiff and defendant; and in case a settlement be made by them the attorney is entitled to proceed with the action without first obtaining leave so to do from the court. *Wilkins* v. *Baker* (24 Hun, 24), and *Pickard* v. *Yencer* (10 Weekly Dig., 271), followed; *Goddard* v. *Trenbath* (24 Hun, 182), overruled.

APPEAL from an order staying the plaintiffs' proceedings in this action.

After a judgment in favor of the defendant had been entered upon the trial of this action the costs were paid by the plaintiffs. Subsequently, the defendant having died, the plaintiffs procured his executrix to be substituted in his place, and appealed to the General Term from the judgment against them. The General Term first affirmed the judgment and then ordered a reargument.

*William Watson*, for the appellants.

*C. Bainbridge Smith*, for the respondent.

DANIELS, J. :

The stay was ordered for the reason that the costs recovered against the plaintiffs in the action had been paid, accompanied by an agreement on their part that no further proceedings would be taken in the action. But as this agreement was not the result of any compromise, but voluntarily entered into, it was not binding upon them or their attorney. The defendant relinquished nothing on account of it, but received the entire amount which had become due, and there was consequently no consideration for the agreement.

A contract was entered into with the attorney by the plaintiffs, through which he was to be allowed one-tenth of the recovery, together with the costs and allowances in the action. And he was

at the time of the order proceeding with the action to secure his compensation under this agreement. And of the right to do that the plaintiffs could not deprive him by the agreement affirmed to have been made. His claim for compensation was in no manner considered or satisfied and was not extinguished by the agreement which, as a matter of fact, was founded on no consideration. As the agreement for his employment is stated to have been made it did not obligate the attorney to pay out any disbursements in the progress of the litigation, and his conclusion that he was not at liberty to call on them to reimburse him did not, therefore, render the agreement an unlawful one. It was a conclusion not required or supported by the agreement itself.

It was held, as the counsel for the respondent has claimed, in *Goddard* v. *Trenbath* (24 Hun, 182), that an attorney would not be at liberty after the settlement of the litigation to proceed with it for the recovery of his own compensation without leave of the court first being obtained. But this decision is directly opposed to *Wilkins* v. *Baker* (24 Hun, 24) and *Pickard* v. *Yencer* (10 Week. Dig., 271). These two decisions are most entitled to be regarded as controlling and securing the attorney the right to proceed with the litigation for the collection of his compensation.

When the order was made he was about to bring on the hearing of the appeal in this action which had been directed to be reargued by the court, and the defendant should not in this stage of the litigation have interposed to prevent him from doing that by this order staying his proceedings.

The order should be reversed, with the usual costs and disbursements and the motion denied.

Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Order reversed, with ten dollars costs and disbursements and motion denied.